Andrew Rozynski, Esq. (NY# 5054465; *Pro Hac Vice*)
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
arozynski@eandblaw.com

John K. Buche (CA Bar No. 239477)
Local Counsel
BUCHE & ASSOCIATES, P.C. 875 Prospect St., Suite 305
La Jolla, CA 92037
Tel.: (858) 459-9111
Fax: (858) 430-2426
*Attorneys for Plaintiff James Kittell*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

------------------------------------------------------------

|  |  |
|---|---|
| JAMES KITTELL, | |
| *Plaintiff* | Case No. 8:20-cv-1522-CJC-JDE |
| v. | |
| DEL TACO RESTAURANTS INC., | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| *Defendant.* | |

------------------------------------------------------------

-1-

Plaintiff, JAMES KITTELL, by and through his undersigned counsel, EISENBERG & BAUM, LLP, for his Complaint against Defendant, DEL TACO RESTAURANTS INC., hereby alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff, JAMES KITTELL is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is his expressed, preferred, and most effective means of communication. Plaintiff was refused service and treated rudely and differently by Del Taco employees because of his disability when he attempted to order food from a Del Taco restaurant located at 1851 East Orangethorpe Avenue, Placentia, CA 92870. Through this discriminatory treatment, Plaintiff learned not only that Del Taco restaurants are inaccessible to deaf individuals, but that Del Taco employees and managers are inadequately trained and improperly informed about the communication rights and needs of deaf people.

2.      Plaintiff brings this action to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's restaurant services. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51; and other state and common law causes of action.

## THE PARTIES

3.      Plaintiff, JAMES KITTELL brings this action and is an individual residing in Anaheim Hills, California. JAMES KITTELL is a profoundly deaf individual who primarily communicates in

-2-

*James Kittell v. Del Taco Restaurants Inc.* – FIRST AMENDED COMPLAINT

American Sign Language, and he is substantially limited in the major life activities of hearing and speaking within the meaning of federal and state anti-discrimination laws.

4.      Defendant DEL TACO RESTAURANTS INC., owns, operates and/or leases a Del Taco restaurant located in Placentia, California. Defendant's restaurant is a public accommodation under federal and state antidiscrimination laws and is subject to the requirements.

## JURISDICTION & VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant has sufficient contacts with this District to subject them to personal jurisdiction at the time this action is commenced, and the acts and omissions giving rise to this Complaint occurred within this District.

## STATEMENT OF FACTS

7.      Plaintiff is a profoundly deaf individual whose first and primary language is American Sign Language, in which he communicates fluently.

8.      Upon information and belief, Defendant owns, operates and/or leases a Del Taco restaurant located at 1851 East Orangethorpe Avenue, Placentia, CA 92870.

9.       Defendant's drive-thru service is provided via specialized automobile driveway lanes which stretch around Defendant's restaurant. In order to obtain drive-thru service, Defendant's customers maneuver their automobiles into the drive-thru lane and then relay their food order to Defendant's employees via microphone. Customers then drive their car further along the lane and retrieve their food from windows on the side of Defendant's restaurant.

*James Kittell v. Del Taco Restaurants Inc.* – FIRST AMENDED COMPLAINT

10.     On June 18, 2020, at approximately 1:45 am, Plaintiff attempted to utilize Defendant's drive-thru to place a food order.

11.     Because Defendant's drive-through ordering system requires a customer to utilize hearing and speaking through a microphone, Plaintiff drove to the drive-thru window and attempted to place an order from an employee at the window.

12.     Plaintiff informed the employee at the window that Plaintiff was deaf, could not hear or speak, and showed the employee a typed note on Plaintiff's cell phone which contained Plaintiff's order.

13.     Upon information and belief, the employee's name is "GABRIEL".

14.     Rather than accommodate Plaintiff's disability and allow him to place an order from the drive-thru window, Defendant's employee refused to serve Plaintiff.

15.      Plaintiff's order was not processed, despite waiting for service at Defendant's drive-thru window for nearly 30 minutes.

16.     Defendant then called the police to have Plaintiff removed from Defendant's drive-thru.

17.     A police officer arrived and placed Plaintiff's order at the drive-thru window, where Plaintiff, only by means of a police escort, was able to receive food from Defendant.

18.     During the above-described incident, the inside of the Del Taco was closed and the only available means to order food was by utilizing the drive-thru window.

19.     Defendant's refusal to serve Plaintiff in the same manner in which it served hearing individuals and the Defendant's decision to notify law enforcement, left Plaintiff fearful, humiliated, frustrated and confused.

20.     Based on all of the above-described incidents, Defendant refuses to serve deaf individuals in the same manner in which they serve hearing (i.e., non-deaf) individuals.

-4-

*James Kittell v. Del Taco Restaurants Inc.* – FIRST AMENDED COMPLAINT

21.     Defendant's drive-thru ordering system, which requires a customer to utilize hearing and speaking, is inaccessible to deaf individuals. Defendant offers no accessible or alternative means for deaf individuals, including Plaintiff, to utilize the drive-thru in a manner equal to the service offered to hearing (i.e., non-deaf) individuals.

22.     Defendant's conduct caused Plaintiff to be denied the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and/or accommodations.

23.     Based on these facts, Defendant has failed to implement policies, procedures, training, and practices respecting the rights and needs of deaf and hard of hearing individuals.

24.     Defendant's willful and knowing action and/or inaction of intentional discrimination against Plaintiff caused him to suffer from violation of his civil rights.

25.     Defendant's discriminatory conduct caused Plaintiff to suffer emotional distress, including humiliation, fear, and frustration.

26.     The above-described Del Taco is in close vicinity to Plaintiff's home and Plaintiff wishes to visit the restaurant.

27.     Plaintiff therefore continues to be harmed by Defendant's conduct.

## CLAIM 1: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

28.      Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

29.     At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq., has been in full force and effect and has applied to Defendant's conduct.

30.     At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, have been in full force and effect.

-5-

*James Kittell v. Del Taco Restaurants Inc.* – FIRST AMENDED COMPLAINT

31.     At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

32.     Defendant owns, leases, and/or operates a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7)(D).

33.     Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

34.     Title III of the ADA further provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

35.     Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

36.     Title III of the ADA further defines discrimination to include "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable," or "where an entity can demonstrate that the removal of a barrier . . . is not readily achievable a failure to make such goods, services, facilities, privileges,

-6-

*James Kittell v. Del Taco Restaurants Inc.* – FIRST AMENDED COMPLAINT

advantages, or accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv–v).

37.     Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c).

38.     Defendant discriminated against Plaintiff on the basis of disability, in violation of Title III of the ADA and its implementing regulations, as set forth above.

39. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

## CLAIM 2: VIOLATIONS OF THE VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT

40.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

41.     The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

42.     The Unruh Act further provides that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101336) shall also constitute a violation of this section." Cal. Civ. Code § 51(f).

43.     Defendant violated the Unruh Act by discriminating against Plaintiff, and also by violating Plaintiff's rights under the Americans with Disabilities Act.

-7-

*James Kittell v. Del Taco Restaurants Inc.* – FIRST AMENDED COMPLAINT

44. Defendant has failed to implement policies, procedures, and training of staff necessary to ensure compliance with the Unruh Act.

45. Plaintiff is therefore entitled to injunctive relief; attorneys' fees, costs, and disbursements; and compensatory damages for the injuries and loss they sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged, pursuant to Cal. Civ. Code § 52.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act and the Unruh Civil Rights Act.

b. Issue an injunction forbidding Defendant from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or their companions, meaningful access to and full and equal enjoyment of Defendant's facilities, services, or programs;

c. Issue an injunction ordering Defendant:

    i. to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing customers and accommodate those customers at their drive-thru's;

    ii. to modify its procedures to accommodate deaf individuals who seek Defendant's goods and/or services and affirmatively work with deaf individuals to provide them service in a similar manner to non-deaf individuals;

-8-

*James Kittell v. Del Taco Restaurants Inc.* – FIRST AMENDED COMPLAINT

iii.   to train all its employees, staff, and other agents to ensure compliance with the modified policies and procedures ensuring access to Deaf individuals.

d. Award to Plaintiff:

i.   Compensatory damages pursuant to the Unruh Act

ii.   Statutory Damages pursuant to the Unruh Act;

ii.   Reasonable costs and attorneys' fees pursuant to the ADA and the Unruh Act,

iv.   Interest on all amounts at the highest rates and from the earliest dates allowed by law;

v.   Any and all other relief that this Court finds necessary and appropriate.

DATED: October 22, 2020

Respectfully submitted,

By:

/s/ John K. Buche
John K. Buche (CA Bar No. 239477) Local Counsel
BUCHE & ASSOCIATES, P.C.
875 Prospect St., Suite 305
La Jolla, CA 92037
Tel: (858) 459-9111
Fax: (858) 430-2426

/s/ Andrew Rozynski
Andrew Rozynski (pro hac vice)
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
Tel: (212) 353-8700
Fax: (212) 353-1708

*Attorneys for Plaintiff James Kittel*

*James Kittell v. Del Taco Restaurants Inc.* – FIRST AMENDED COMPLAINT